**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| JEANNE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WIDMYER CORPORATION, d/b/a BEAVERHEAD VILLA,<br><br>Defendant. | **No. CV-26-90-BU-JTJ**<br><br>**ORDER** |

Plaintiff Jeanne Miller (Miller), appearing pro se, has filed a Complaint against Defendant, Widmyer Corporation, d/b/a Beaverhead Villa (Defendants) (Doc. 2). Miller alleges that Defendants violated the Fair Housing Act by delaying her request for reasonable accommodation based upon her disability; failing to consider her VAWA documentation when denying her housing application, and by retaliating against her for exercising her rights under the federal housing laws. (Id., pp 23-27). Miller seeks leave of the Court to proceed in forma pauperis. (Doc. 1).

**I. Motion to Proceed in Forma Pauperis**

Miller has submitted a financial affidavit in support of her motion to proceed in forma pauperis. (Doc. 1-1). Good cause exists to grant the motion. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

## II. Screening Analysis

When a litigant proceeds in forma pauperis, the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

In substance, Miller alleges Defendant violated the Fair Housing Act by delaying her request for reasonable accommodation based upon her disability; failing to consider her VAWA documentation when denying her housing application and by retaliating against her for exercising her rights under the federal housing laws. (Doc. 2, pp. 23-27). Liberally construing Miller's Complaint, the Court cannot say at this state in the proceedings that it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

**III. SERVICE OF COMPLAINT**

**IV. CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Miller's Motion to Proceed In forma pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. On or before **October 2, 2026**, Miller shall file a notice which provides the Court with appropriate addresses for service on Defendants. A failure to provide this

information will result in a recommendation that this matter be dismissed without prejudice for failure to serve.

4. At all times during the pendency of this action, Miller must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 17th day of September 2026.

John Johnston
United States Magistrate Judge